### KEARNEY v. FLEMING et al.

*(Supreme Court, Special Term, New York County.　November 22, 1888.)*

VENDOR AND VENDEE—RIGHTS OF VENDEE—WHEN TITLE PASSES.

A. and B. purchased land, A. paying the consideration with an understanding that title should be taken in his name, and the profits of sale shared equally, but without his knowledge title was taken in the name of a third person, who for a nominal consideration conveyed to a fourth, who in turn conveyed, without notice to defendant, with whom B. had agreed to share the profits of a sale of the land if he would pay off the liens. *Held*, that a subsequent deed from B. to plaintiff conveyed no interest, and that A. was entitled to one-half of the proceeds of sale beyond the amount of the advances made by defendant, and defendant was entitled to the residue.

Action for partition, brought by Rosetta M. Kearney against Charles E. Fleming and Charles Jones. In February, 1884, it was agreed between Jones and James Kearney, who was acting as his attorney, that the property in question, which was incumbered with taxes, assessments, and sales, and could be bought for a small sum, should be purchased, Jones furnishing the money and Kearney his services in removing the liens and assessments, and each to have a one-half interest. Under this agreement Jones paid $442, the purchase price, with the understanding that the title should be taken in his name. The deed was executed, however, to W. F. Parks, nominally for the consideration of $275. In March, 1886, Parks conveyed to Joseph Moore, who in the same month executed a deed to Fleming, with whom Kearney had made an arrangement similar to the one formerly made with Jones; and in November, 1886,. Fleming, who had taken an assignment of an outstanding mortgage, began to pay off liens. In 1887 Kearney conveyed his interest to the plaintiff, his wife.

*Wm. Staniton,* for plaintiff.　*Alex. Thain,* for defendant Jones.　*George S. Daniels,* for defendant Fleming.

INGRAHAM, J.　Assuming that the deed from Kearney to the plaintiff was sufficient to convey Kearney's title to the premises in question, it is very clear that Kearney had no interest in the premises, and that the deed conveyed to the plaintiff no interest. The property was purchased by money furnished by the defendant, Jones, under an agreement between Jones and Kearney that any profit that should be realized on the sale of the property should be divided equally. The title to the property was, without Jones' knowledge or consent, conveyed to one Parks; the consideration having been paid by Jones, so far as appears, nothing having been paid either by Parks or Kearney. Upon this state of facts the property was held by Parks in trust for Jones to the extent of his interest, and a court of equity would have enforced that trust and compelled the conveyance of at least the undivided half of the property to Jones. The conveyance to Moore was for a nominal consideration, and Moore held this property on the same trust as Parks, subject to Jones' rights. Kearney then induced Fleming to advance a sum of money to pay off certain incum-

brances on the property under an agreement that the property should be conveyed to Fleming, and upon its sale the money advanced by Fleming should be repaid, and any profit should be divided between Fleming and Kearney. Under this agreement the premises were conveyed by Moore to Fleming, and he advanced the money required, and subsequently paid certain taxes and other incumbrances, the total amount of money paid by him being $3,995.80. Fleming, having in good faith, and without the knowledge of the agreement with Jones, taken a conveyance of the property for a valuable consideration, is protected by the recording act. As his interest in the property, however, was by the agreement limited to an undivided half after repayment of the advances made by him, I think the defendant Jones is entitled to enforce the trust in his favor to the other undivided half. The property should therefore be sold, and, after paying the amount due Fleming for advances made by him, the balance should be divided between the defendants Jones and Fleming. Findings and judgment can be settled on notice.